THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EDWIN D. BENDON, Defendant-Appellant.

Third District   No. 80-422

Opinion filed June 17, 1981.

James W. Reilley, Barry E. Witlin, and Eva Field, all of Chicago, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by defendant, Edwin Bendon, from his conviction in the circuit court of Will County for armed robbery and aggravated battery. Defendant was charged by a two-count indictment on December 5, 1979. Following a bench trial, the defendant was found guilty on both counts. Defendant was sentenced to a term of imprisonment of 10 years on the charge of armed robbery and four years on the charge of aggravated battery, the sentences to run concurrently.

At trial the evidence tended to show the following. Carol Corse, a bartender at the Peotone Bowling Alley, came to work at about 6 p.m. on October 14, 1979, the date of the incident with which the defendant was charged. Ms. Corse testified that the defendant was one of several customers present at the bar that night. The group at the bar were joking about a man named Wayne Wolkow, who was supposedly observed kissing another man at the American Legion bar. It was suggested by the crowd that Wolkow be telephoned at his bartending post at the American Legion Lounge, and a date made with him and another man. Corse dialed the telephone and defendant talked to him. Defendant hung up the phone and reported to the group that the Legion was to close at 11:30 p.m. and he was to appear at the east entrance. Jesting and laughter about Wolkow continued. Corse testified that defendant said he "ought to rob" Wolkow.

About 11:30 p.m. Kathy Ernst, Wayne Wolkow's sister, entered the bar very upset and stating she had just seen someone trying to beat up Wolkow at the Legion. At trial Ernst testified that she had driven to the Legion about 11 p.m. to obtain some ice. She knocked on the door and called to her brother and got no response. As she was about to leave she heard her brother say "get away from me, you son of a bitch." She went to the south window, peered in and saw someone getting ready to throw a chair. She then hurried to the bowling alley to use the telephone to call the police.

The victim, Wayne Wolkow, testified at trial that he was in the process of closing the American Legion bar when he received two calls from an unknown male caller. In the second conversation the caller inquired whether the bar was still open. Wolkow said he was about to close but that he would serve the caller if he arrived before Wolkow locked up. As he was closing, just before 11 p.m., a man entered the bar. Wolkow identified him as the defendant.

Two other customers were present at the bar but they soon left, and Wolkow proceeded to lock the doors and remove the money from the cash register and place it in a money pouch. He laid the pouch aside and took a seat at the bar in order to finish his own drink. The defendant addressed Wolkow, who moved next to the defendant. Wolkow testified that as they spoke, he felt a hand move on his leg, upward from his kneecap. He then moved two stools down and nothing further was said. Wolkow eventually picked up the money pouch and took it to the room in which the safe was kept. He put the pouch in the safe and closed the safe door, but did not lock it. Also in the safe was a plastic cup containing about $230 in five-, 10- and 20-dollar bills.

Wolkow then went to the bathroom. Just after he came out and walked back to the bar he felt something strike him on the back of the skull. He turned around and saw the defendant, who then struck him with his fists. Wolkow could not recall the sequence of events which followed, but believed he blacked out, as his next recollection was of someone attempting to gain access through the east door. He opened the door to find police and paramedics, who administered aid to him.

Officer Charles Crum of the Peotone Police Department was on duty the night of the incident when he received a radio call reporting a problem at the American Legion Lounge. When he arrived he saw the defendant coming round the corner of the building towards his car. As the defendant approached him, the officer noticed what appeared to be blood on the defendant's hands and that the defendant was in an hysterical state. Defendant said that he had struck the man who worked at the Legion and that the man was lying on the floor, bleeding.

Wolkow let Crum into the lounge, where Crum found a pool of blood, tracks of blood on the floor and glass from an Olympia beer bottle. Shortly thereafter, Calvin Younker, the lounge manager arrived. He showed Crum the room containing the safe. The money in the safe was gone. The money pouch was eventually found outside the building and the plastic glass containing the money lay shattered on the floor.

Several witnesses testified on the defendant's behalf. They all testified that they were present at the bowling alley bar when the defendant talked to Wolkow, and they denied that the defendant had said he was going to rob Wolkow. Defendant's wife testified that if she had heard him

say he was going to rob someone, she would have stopped him. In closing argument, defense counsel contended the evidence was insufficient to prove the defendant's guilt. The court rejected these arguments and found the defendant guilty of both counts.

On appeal, defendant raises four issues: (1) whether defendant was proved guilty beyond a reasonable doubt; (2) whether defendant was provided with effective assistance of counsel; (3) whether the trial court erred in convicting defendant for separate counts arising from the same act; and (4) whether the trial court abused its discretion in sentencing the defendant.

■■ The first issue is whether the evidence was sufficient to prove the defendant guilty beyond a reasonable doubt. We believe it was. Wolkow identified the defendant as the man who assaulted him from behind. The defendant had been served two bottles of Olympia beer. The floor had just been cleaned, and yet a broken Olympia bottle was found on the floor. The wounds Wolkow suffered were deep gashes of the type that would be caused by being hit with a beer bottle.

The defendant and Wolkow were the only ones in the building. It is clear that Wolkow didn't take the money from the safe, because he was bleeding heavily from his head wounds and there was no trail of blood from the bar to the safe. The defendant was the only other person in the building at the time, and it is certainly a reasonable inference that he took the money. Such a conclusion is buttressed by the fact that the money pouch was found outside the building, and it is clear that Wolkow was never outside the building after the assault. Only the defendant had been outside the building. Additionally, the approximately $230 in five, tens and twenties was missing from the plastic cup in the safe and at the time the police stopped the defendant, he had a roll of bills in his pocket worth $220 in fives, tens and twenties. In view of these facts, we believe there was sufficient evidence to find the defendant guilty beyond a reasonable doubt.

Defendant's second issue on appeal is whether or not he was provided with effective assistance of counsel. Defendant bases his contention that counsel was ineffective on four points: (1) counsel waived jury trial; (2) counsel allegedly failed to pursue contradictory trial testimony; (3) counsel forgot to move for a directed verdict at the close of the State's case; and (4) counsel allegedly failed to pursue the question of the defendant's mental state at the time of the incident. We find no merit in defendant's contention.

■■■ The standard of effective assistance in a case of privately retained counsel is that the court will not reverse a conviction for incompetency of counsel unless "the representation is such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or a

sham." (*People v. Torres* (1973), 54 Ill. 2d 384, 391, 297 N.E.2d 142, 146.) Such is not the situation in the instant case. The fact that counsel waived a jury trial is not grounds to claim ineffective assistance of counsel.

■■ Neither do we see any merit to defendant's contention that his counsel failed to pursue contradictory testimony. The record contains several instances of defense counsel bringing out testimony of defense witnesses inconsistent with the State's witness, Carol Corse, and arguing those inconsistencies during closing argument. Indeed, defendant points to no specific instance which he contends was inadequately pursued. He merely makes the accusation without any specific factual support. Therefore, we do not find any merit to this argument.

■■ Defendant next contends that counsel's failure to move for a directed verdict at the close of the State's case constituted ineffective assistance. We disagree. The trial judge made the motion for him, and we see no harm resulting from counsel's failure to make the motion.

■■ Finally, we believe counsel did address himself to the question of the defendant's mental state. He elicited testimony from three defense witnesses as to the defendant's alleged intoxication and argued this point in closing argument. In summation, we believe defendant has failed to demonstrate defense counsel's overall representation of defendant during trial was inadequate, let alone of such a low caliber as to amount to no representation at all or that it reduced the trial to a farce or a sham.

■■ Defendant's third issue on appeal is whether or not the trial court erred in convicting the defendant on the aggravated battery count since it involved the same physical act as the armed robbery. The State agrees that since both convictions arose out of the same physical act and defendant was convicted of armed robbery, the aggravated battery conviction should be vacated. We believe this is so and hereby vacate defendant's conviction and sentence for aggravated battery.

■■ Defendant's final issue on appeal is whether the trial court abused its discretion in sentencing the defendant to 10 years in the penitentiary. We find no abuse of discretion. The 10-year sentence was well within the 6- to 30-year range for a Class X felony. Defendant had two prior convictions for possession of stolen goods in California. Further, defendant has presented no evidence to show an abuse of discretion. We therefore affirm defendant's sentence.

For the abovementioned reasons, the judgment of the circuit court of Will County is affirmed in part and vacated in part.

Affirmed in part, vacated in part.

ALLOY and HEIPLE, JJ., concur.